UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PURA ORTIZ,

    Plaintiff,

  -against-                              **COMPLAINT**

SWC GROUP, LP,                     Jury Trial Demanded: Yes

    Defendant,
_____/

## I.    PARTIES IN THE COMPLAINT

1. Plaintiff, Pura Ortiz is a resident of State of New York, residing at 2205 Wallace Avenue, Bronx, New York 10467.

2. Defendant, SWC Group, LP, is a Texas corporation engaged in the business of collecting debts with its principal place of business located at 4120 International Pkwy, Suite 1100, Carrollton, Texas 75007.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692(a)(30).

4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692(a)(6).

## II.    JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and

   financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

### III.    STATEMENT OF FACTS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by reporting his account to credit bureaus.

12. On or about June 15, 2015, Joy Avila from Asset Protection Management called South West Credit Systems on behalf of the Plaintiff in order to get information on the account showing on Plaintiff's credit report.

13. A representative from South West Credit Systems answered the phone "South West Credit Systems, this is Tyesha, how can I help you?"

14. Joy Avila states: "Hi my name is Joy Avilla, I am calling from Asset Protection and Management you should have my client's Power Attorney on file."

15. Defendant's representative states: "What is the account number to see if you have consent?"

16. Joy Avila states: "We don't have an account number but I have a social security number, ok?"

17. Defendant's representative states: "Ok go ahead."

18. Joy Avila states: "xxx-xx-5688"

19. Defendant's representative states: "Ok, the name?"

20. Joy Avila states: "Pura Ortiz"

21. Defendant's representative states: "Ok, let me check on verification I would be glad to help you. "Yes we did receive it. What is your name?"

22. Joy Avila states: "Joy Avilla."

23. Defendant's representative states: "You're from Asset Protection and Management."

24. Joy Avila states: "What is balance on the customer's account?"

25. Defendant's representative states: "Balance we received is $685.64."

26. Joy Avila states: "Are you collecting any fees on that account?"

27. Defendant's representative states: "No that is service balance."

28. Joy Avila states: "That is the reason I am calling. I am seeing same balance on client's credit report. The issue is customer thinks she already paid it in full."

29. Defendant's representative states: "Does she have any proof of that?"

30. Joy Avila states: "I don't know I have to ask her, she wants to dispute it."

31. Defendant's representative states: "Ok, If she disagrees with the balance she can send it in writing with any documentation showing proof of what portion she is disputing."

32. Joy Avila states: "So she cannot dispute it over the phone?"

33. Defendant's representative states: "No it must be in writing."

## IV.     FAIR DEBT COLLECTIONS PRACTICES ACT

34. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule. Finally, a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

## V.     VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692(e)(8)

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. 15 U.S.C. § 1692(e)(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

37. Defendant is in violation of 15 U.S.C. §1692(e)(8) by perpetuating a deceptive and misleading representation of Plaintiff's credit status by listing Plaintiff's account with national credit bureaus and then placing Plaintiff's account with another entity while failing

to inform credit bureaus accordingly, and by refusing to properly and rightfully send notice to said bureaus that Plaintiff's account was currently in dispute.

38. 15 U.S.C. § 1692(f) – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

39. The Defendant violated 15 U.S.C. § 1692(f) – preface by unfairly and unconscionably refusing to accurately report the status of Plaintiff's account after receiving notification of Plaintiff's dispute, and unfairly allowing it's agent, the employee with whom Plaintiff's representative conversed on June 15, 2015, who informed Plaintiff's representative erroneously that the dispute could not be acknowledged by Defendant. Defendant thus unfairly subjects consumers to misinformation and reports inaccurate credit information to the detriment of consumer's credit profiles.

40. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## VI.    DEMAND FOR JURY BY TRIAL

41. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FDCPA, and the FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

2. Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint, except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1);:

3. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

4. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

5. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

6. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

7. A declaration that the Defendant's practices violated the FDCPA;

8. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: September 30, 2015

                    Respectfully submitted,

                    __s/Subhan Tariq_____
                    Subhan Tariq, Esq.
                    Attorney I.D.# ST9597
                    The Law Offices of Subhan Tariq, Esq., PLLC
                    Attorney for Plaintiff
                    216-14 Jamaica Avenue
                    Queens Village, NY 11428
                    Telephone: 516-900-4529
                    Facsimile: 347-402-2645

To:    SWC Group, LP,
        4120 International Pkwy, Suite 1100
        Carrollton, TX 75007

(*via Prescribed Service*)

Clerk of the Court,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(*For Filing Purposes*)